# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>SUBJECT PARCEL bearing delivery confirmation<br>no. 9570 1162 1689 6201 4584 36,<br>more fully described in Attachment A | )<br>)<br>)<br>)<br>)<br>)    Case No.    MJ26-489 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A, incorporated herein by reference.

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, for list of items to be seized, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 843(b) &<br>18 U.S.C. § 1716 | Distribution and Possession with Intent to Distribute Controlled Substances,<br>Unlawful Use of a Communication Facility, and Deposit of Non-Mailable Items for<br>Mail or Delivery |

The application is based on these facts:

See affidavit of Postal Inspector Lauren E. Valentino, continued on the attached sheet.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Lauren E. Valentino, U.S. Postal Inspector
*Printed name and title*

This warrant is presented: ☑ by reliable electronic means ☐ telephonically recorded ☐ in person.

Date: _____ August 3, 2026 _____

_____
*Judge's signature*

City and state: _____ Seattle, Washington _____

Brian A. Tsuchida, United States Magistrate Judge
*Printed name and title*

USAO: #2026R00886 [REILLY to REILLY

**AFFIDAVIT OF LAUREN E. VALENTINO**

STATE OF WASHINGTON     )

                         )      ss

COUNTY OF KING          )

I, Lauren E. Valentino, United States Postal Inspector, United States Postal Inspection Service, Seattle, Washington, having been duly sworn, state as follows:

**BACKGROUND**

1. **Affiant Background.** I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail. I have been a Postal Inspector since June 1, 2026, and am currently assigned to the Seattle Division conducting investigations involving illicit contraband in the U.S. Mail and security issues involving U.S. Mail facilities. My office is in Tukwila, Washington. As part of my duties, I investigate incidents where the United States Mail system is used for the purpose of transporting illegal materials, including controlled substances such as marijuana, cocaine, methamphetamine, and heroin in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and substances mailed in violation of Title 18, United States Code, Section 1716.

2. I have received specialized training in the investigation of controlled substances in the United States Mail. I have also received training on the identification of controlled substances and interdiction of controlled substances. I hold a bachelor's degree in psychology from Texas Lutheran University. Prior to my employment with the United States Postal Inspection Service, I served as a Naval Criminal Investigative Service (NCIS) Special Agent (SA) for 1.5 years. As part of my duties as a NCIS SA, I conducted proactive drug investigations, death investigations, and sexual crimes investigations involving naval civilian and enlisted personnel. In my official capacity, I investigated

AFFIDAVIT OF LAUREN E. VALENTINO 1
USAO#2026R00886 [REILLY TO REILLY]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

violations of federal and state law along with violations of the Uniform Code of Military Justice.

3.    My training includes graduating from both the Criminal Investigator Training Program at the Federal Law Enforcement Training Center as well as the Naval Criminal Investigative Service's Special Agent Basic Training Program. My experience also encompasses other investigative experiences and training not enumerated herein.

4.    **Duties.** As part of my current duties, I investigate the use of the U.S. Mail to illegally mail and receive controlled substances, the proceeds of drug trafficking, as well as other instrumentalities associated with drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. Mail, to facilitate the distribution of controlled substances), and Title 18, United States Code, Section 1716 (deposit of nonmailable items for mail or delivery). As part of these duties, I have intercepted contraband sent through the United States Mail, including controlled substances and proceeds thereof. Inspectors refer to this as a parcel interdiction or an interdiction operation. As set forth below, my training and experience includes identifying parcels with characteristics of criminal activity. During the course of my employment with the United States Postal Inspection Service (USPIS), I have participated in criminal investigations involving suspicious parcels and controlled substances.

5.    **Knowledge Based on Training and Experience.** From my training and experience, I am aware that the United States Postal Service (USPS) Mail system is often used to transport controlled substances and/or the proceeds from the sales of controlled substances throughout the United States. I have learned that sometimes drug traffickers put controlled substances and proceeds in the same package. I am also aware that proceeds from the sales of controlled substances are transported in the form of cash, money orders, and other monetary instruments. I am aware that cash, as well as money

AFFIDAVIT OF LAUREN E. VALENTINO 2
USAO#2026R00886 [REILLY TO REILLY]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

orders purchased with cash, are desirable forms of payment for drug traffickers, given that they are difficult for law enforcement to track.

6.     I also know that drug traffickers prefer mail/delivery services such as USPS Priority Mail Express, Priority Mail, and Ground Advantage because of the reliability of this service as well as the ability to track the article's progress to the intended delivery point. From my training and experience, I have learned when a drug trafficker learns that a mailed article has not arrived as scheduled, s/he becomes suspicious of any delayed attempt to deliver the item.

7.     In addition, I am aware that the USPS Priority Mail Express service was custom designed to meet the needs of businesses by providing overnight delivery for time sensitive materials. Business mailings often contain typewritten labels, are in flat cardboard mailers, and usually weigh less than eight (8) ounces. In addition, businesses using corporate charge accounts may print their account number and phone number on the USPS Priority Mail Express label in order to expedite transactions with USPS.

8.     Based on my training and experience regarding USPS Priority Mail and Ground Advantage operations, I am aware that both services are less expensive alternatives to Priority Mail Express. Whereas a customer mailing an article via Priority Mail Express expects next day to two-day delivery service, a customer who mails an article via Priority Mail can expect two to three-day delivery service. A customer who mails an article via Ground Advantage can expect two to five-day delivery service. The USPS provides a tracking service through a tracking number, which allows the customer to track a parcel and confirm delivery.

9.     Based on my training and experience concerning the use of the Mail for the transportation of controlled substances and/or proceeds from the sales of controlled substances, I am aware that these parcels usually contain some or all of the following characteristics:

AFFIDAVIT OF LAUREN E. VALENTINO 3
USAO#2026R00886 [REILLY TO REILLY]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      USPS Priority Mail Express, Priority Mail, and Ground Advantage are common classes of mail utilized by drug traffickers as the contraband typically arrives on a predictable date and is trackable by the customer. These classes of mail are used as they are protected from warrantless searches. Unlike private delivery services (FedEx, UPS, DHL, etc.), USPS parcels typically cannot be searched without a federal search warrant or an applicable exception to the warrant requirement (e.g., exigent circumstances). This level of protection offers shippers of controlled substances and/or proceeds from controlled substances a perceived level of protection against potential detection and arbitrary search and seizure.

b.      USPS Priority Mail Express, Priority Mail, and Ground Advantage parcels containing controlled substances and/or proceeds are often distinguishable from typical business mailings as they do not bear any advertising on the mailing container/box and are typically mailed from one individual to another.

c.      The sender and/or recipient information on USPS Priority Mail Express, Priority Mail, and Ground Advantage packages containing controlled substances and/or proceeds often are either fictitious or inaccurate to hide the true identity of the person(s) shipping and/or receiving controlled substances/proceeds from law enforcement. This can include a fictitious address, a real address and the name of a fictitious business or person, an incomplete return address, no return address, a return address that is the same as the recipient address, or a return address that is distant from the location that the parcel is mailed from.

d.      The zip codes for the sender addresses on USPS Priority Mail Express, Priority Mail, and Ground Advantage parcels containing controlled substances and/or proceeds are often different from the zip codes of the post offices where the parcels are accepted by the USPS. This is another method of avoiding law enforcement detection.

AFFIDAVIT OF LAUREN E. VALENTINO 4
USAO#2026R00886 [REILLY TO REILLY]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e.      USPS Priority Mail Express, Priority Mail, and Ground Advantage parcels containing controlled substances and/or proceeds are often heavily taped with tape on the seams of the parcel to conceal scent. It is common for contraband to be packaged within several layers inside the parcel, such as in a smaller box which is itself sealed in a similar fashion, or within layers of mylar bags and/or other bags. Sometimes, perfumes, coffee, dryer sheets, or other strong-smelling substances are used to mask the odor of controlled substances, proceeds of the illegal sale of controlled substances, and/or facilitation funds being shipped.

f.      USPS Priority Mail Express, Priority Mail, and Ground Advantage parcels containing controlled substances and/or proceeds commonly either: (a) are destined for an area known to be a frequent destination point for controlled substances, having been mailed from an area known to be a source area for controlled substances; or (b) originated from an area known to be a frequent origination point for proceeds from the sale of controlled substances, having been mailed to an area known to be a destination area for proceeds from the sale of controlled substances.

g.      It is common for shippers of controlled substances and/or proceeds using USPS Priority Mail Express, Priority Mail, and Ground Advantage to pay for postage with cash in lieu of credit or debit cards, in order to remain anonymous.

h.      Unlike typical USPS Priority Mail Express business mailings which usually have typed labels that include a telephone number, USPS Priority Mail Express packages containing controlled substances and/or proceeds often have handwritten address information and no telephone number or a fictitious telephone number. In addition, the address information often contains misspelled words or incomplete/incorrect addresses. This is done to conceal the identities of the individuals involved.

AFFIDAVIT OF LAUREN E. VALENTINO 5
USAO#2026R00886 [REILLY TO REILLY]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

i.   USPS Priority Mail Express parcels containing controlled substances and/or proceeds often either waive or do not request a recipient signature upon delivery of the parcel. This can allow the parcel to be delivered without the recipient having to sign for the parcel, protecting the anonymity of the recipient.

10.   Inspectors who encounter a parcel with any or all of the above characteristics often further scrutinize the parcel by, among other tactics, conducting address verifications using law enforcement databases and examinations utilizing trained narcotic-detecting canines.

11.   The information contained in this affidavit is based upon knowledge I gained from my investigation, my personal observations, my training and experience, and my conversations with other inspectors, agents, and officers. Because the purpose of this affidavit is limited to setting forth probable cause to search the SUBJECT PARCEL, I have not set forth every fact of which I am aware pertaining to the investigation.

## INTRODUCTION AND PURPOSE OF AFFIDAVIT

12.   This affidavit is being submitted in support of an application for a search warrant to search one USPS Priority Mail Express parcel (the "SUBJECT PARCEL,") more particularly described in Attachment A, which is incorporated herein by reference. This parcel is believed to contain controlled substances or proceeds from the sale of controlled substances.

13.   The SUBJECT PARCEL is further described as follows: One USPS Priority Mail Express parcel addressed to "Phillip Reilly, 5019 S. Oregon Street, Seattle, Washington 98118," with a return address of "Phillip Reilly, 5019 S. Oregon Street, Seattle, Washington 98118." The SUBJECT PARCEL measures approximately 20" x 14 x 10", and weighs approximately 4 pounds, 4.20 ounces.  This parcel is postmarked July 20, 2026, in Bishop, California and carries $190.25 in postage. The delivery confirmation number is 9570 1162 1689 6201 4584 36.

AFFIDAVIT OF LAUREN E. VALENTINO 6
USAO#2026R00886 [REILLY TO REILLY]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14.     The application requests that law enforcement officers and agents be authorized to search the SUBJECT PARCEL for the items described in Attachment B, which is incorporated herein by reference.

## SUMMARY OF PROBABLE CAUSE

15.     On July 22, 2026, while conducting a routine USPS interdiction, Postal Inspectors identified the SUBJECT PARCEL as suspicious due to the sender and receiver name and address being the same and the parcel bearing a handwritten label. The sender address is listed as Seattle, Washington, however, the SUBJECT PARCEL was actually mailed from Bishop, California, approximately 953 miles from the listed sender address. Additionally, $190.25 in postage was paid to mail the SUBJECT PARCEL, which is less than 5 pounds.

16.     On July 22, 2026, the SUBJECT PARCEL was removed from the Mail stream in Seattle, Washington. The SUBJECT PARCEL is currently in the secured custody of the U.S. Postal Inspection Service located at 10700 27th Ave S., Seattle, Washington 98168.

17.     Using USPS and law enforcement databases, investigators researched the sender's name and address listed on the SUBJECT PARCEL. That research reflects the address 5019 S. Oregon Street, Seattle, Washington 98118, is a true and deliverable address and there is a Phillip Reilly associated with the residence.

18.     Based upon this information, on July 23, 2026, I requested the assistance of Port of Seattle Police Department Detective Darin Beam and his narcotics detection canine partner "Demi." I placed the SUBJECT PARCEL within a warehouse and out of view of both Detective Beam and his partner, Demi. Detective Beam applied Demi to the warehouse. Detective Beam observed an immediate change of behavior when Demi approached the SUBJECT PARCEL. Demi stopped and took several deep breaths and sat, indicating the positive odor of narcotics emitting from the parcel. Detective Beams'

AFFIDAVIT OF LAUREN E. VALENTINO 7
USAO#2026R00886 [REILLY TO REILLY]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

affidavit describing Demi's training and qualifications, and their involvement in this case, is attached to this affidavit and incorporated herein by reference.

## **CONCLUSION**

19.     Based on the facts set forth in this Affidavit, as well as the attached affidavit of Detective Beam (incorporated herein by reference), I submit that there is probable cause to conclude the SUBJECT PARCEL contains controlled substances, currency, documents, or other evidence, more fully identified in Attachment B, that relate to the aforementioned crimes.


_____
LAUREN E. VALENTINO, Affiant
U.S. Postal Inspector, USPIS


The above-named affiant provided a sworn statement to the truth of the foregoing affidavit by telephone on the 3rd day of August 2026.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

AFFIDAVIT OF LAUREN E. VALENTINO 8
USAO#2026R00886 [REILLY TO REILLY]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT A

Parcels to be searched

**SUBJECT PARCEL**: The SUBJECT PARCEL is further described as follows: One USPS Priority Mail Express parcel addressed to "Phillip Reilly, 5019 S. Oregon Street, Seattle, Washington 98118," with a return address of "Phillip Reilly, 5019 S. Oregon Street, Seattle, Washington 98118." The SUBJECT PARCEL measures approximately 20" x 14 x 10", weighs approximately 4 pounds, 4.20 ounces.  This parcel is postmarked July 20, 2026, in Bishop, California and carries $190.25 in postage. The delivery confirmation number is 9570 1162 1689 6201 4584 36.

The SUBJECT PARCEL is currently in the secured custody of the U.S. Postal Inspection Service located at 10700 27th Ave S., Seattle, Washington 98168.

ATTACHMENT A - 1
USAO #2026R00886

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

Items to be Seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section(s) 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716:

a.    Controlled substances including, but not limited to, cocaine, fentanyl, heroin, lysergic acid diethylamide, marijuana, methamphetamine, 3,4-methylenedioxy-methamphetamine, steroids, synthetic opiates, and any other controlled substance listed in the Drug Enforcement Administration Scheduling of Controlled Substances; as well as any precursor chemicals or substances used to manufacture controlled substances;

b.    Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

c.    Controlled substance-related paraphernalia;

d.    Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e.    Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing;

f.    Fingerprints and/or handwriting, to identify who handled and/or mailed the package; and

g.    Items used to conceal controlled substances and/or proceeds.

ATTACHMENT B - 1
USAO #2026R00886

<table>
<tr><td>PO Box 68727<br>Seattle, WA 98168<br>(206) 787-3490</td><td><strong>Port of Seattle Police Department</strong><br><strong>Canine Affidavit</strong></td><td></td></tr>
</table>

**Officer Training and Experience**

I am a commissioned Police Officer for the Port of Seattle Police Department where I have been employed since 5/23/2005. I have been assigned to the Criminal Investigations Unit since 5/23/2010 and am currently assigned to the Narcotics Interdiction Unit where I conduct investigations on felony narcotics crimes occurring within the jurisdiction of the Port of Seattle, King County, WA.

I graduated from the CJTC Basic Law Enforcement Academy in December of 2005 (720 hrs) and have received training in the fields of drug identification, drug interdiction, detection, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, manufacturing and illicit trafficking of controlled substances. I have also attended specialized training in behavioral pattern recognition, advanced interview and interrogation techniques, open source and social media intelligence, post interdiction investigation, financial investigations and money laundering as well as narcotics training provided by the International Narcotics Association (INIA).

I have participated in the execution of numerous narcotics search warrants. Most commonly, these warrants authorize the search of locations ranging from the residences of drug traffickers and their coconspirator/associates, to locations used to manufacture, distribute and hide narcotics and drug proceeds, to property such as luggage which is used to transport controlled substances and currency and also to electronic devices such as cell phones and computers which are used to facilitate and coordinate the drug trafficking. Materials searched for and often recovered in these locations include packaging materials, manufacturing items, scales, weapons, documents and papers reflecting the distribution of controlled substances and the identity of coconspirator associates and concealment of proceeds derived from the distribution of controlled substances.

By virtue of my assignment, I am authorized to conduct investigations into violations of the Controlled Substances Act. In doing so, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to more complex investigations including narcotics manufacturing and distribution. Because of this experience and training, I am familiar with common methods of investigating drug trafficking organizations, and have become familiar with the methods of operation of drug traffickers, including, but not limited to, their methods of importing, exporting, storing, concealing, and packaging drugs; their use of cellular telephones, emails, and other electronic means of communication to further their narcotics trafficking activities; and their use of numerical codes, code words, counter-surveillance, and other methods of avoiding detection by law enforcement. I am also familiar with the various methods of packaging, concealing, delivering, transferring and laundering drug proceeds. I also am aware that proceeds from narcotics trafficking have been linked to other forms of criminal activity such as human trafficking and organized crime.

Based upon my training and experience, I know that drug couriers often travel on commercial airlines to transport narcotics or proceeds from narcotics trafficking. Couriers will often purchase

<table>
<tr><td>PO Box 68727<br>Seattle, WA 98168<br>(206) 787-3490</td><td><strong>Port of Seattle Police Department</strong><br><strong>Canine Affidavit</strong></td><td></td></tr>
</table>

last-minute, one-way tickets to avoid law enforcement detection. Narcotics traffickers often utilize couriers that have little to no narcotics history. Often times, narcotics couriers will travel under the supervision of the narcotics trafficker. I know that the proceeds from these transactions come back to the city of origin and are often used to purchase more narcotics.

When investigating narcotics trafficking, specifically with regards to airline travel, it is important to note that the identification of a person of interest and subsequent investigation is predicated on multiple factors comprising the totality of the circumstances and not on one single aspect or characteristic. Initially, individuals are typically identified via characteristics that are consistent with narcotics trafficking and generally inconsistent with activities exhibited by the general traveling population. The more characteristics exhibited by an individual, the more suspicious their activity becomes. For example, as earlier described, drug traffickers and their couriers often travel on one-way tickets, bought at the last minute. This is consistent with drug trafficking because drug traffickers and their couriers frequently purchase last-minute, one-way tickets in an attempt to avoid detection from law enforcement and because they often do not know when their drugs or drug money will be available for travel. Last minute, one-way travel is inconsistent with how people generally purchase airline tickets due to price and availability. There are times, however when individuals do purchase last-minute, one-way tickets; such as for funerals, last-minute business meetings, emergencies etc. An individual's travel arrangements are, therefore, only one factor considered when attempting to identify and contact individuals.

Other characteristics consistent with narcotics trafficking include, but are not limited to; traveling with a large amount of cash (especially hundreds of $20 bills), traveling with no luggage or luggage inconsistent with travel and duration of travel, travel from areas of high demand for narcotics to source cities, such as Medford or Seattle, and individuals with criminal history that includes narcotics, individuals with a history of multiple one way flights from demand locations.

I also know from my training and experience that drug traffickers utilizing air travel will often fly with either currency, (typically inbound as the Pacific Northwest is a source city for west coast cannabis), or with drugs such as cannabis (typically outbound for demand locations). Because drug proceeds are used to purchase more drugs or is obtained from illegal drug sales, drug traffickers are seldom found with drugs and money at the same time; one is used to obtain the other.

## Canine Qualifications

I am currently assigned to the POSPD Criminal Investigations Division, Narcotics Interdiction Unit and handle a narcotics canine, Demi. In May of 2021, I completed 200 hours of classroom and practical training with Demi, satisfying the requirements and standards set forth by the Criminal Justice Training Commission (CJTC) in accordance with the Washington Administrative Code (W.A.C.) 139-05-915 for certification of law enforcement narcotic canine teams.

PO Box 68727
Seattle, WA 98168
(206) 787-3490

# Port of Seattle Police Department
## Canine Affidavit



On 4/30/21, Demi and I passed the American Detection Canine Association certification at Southern Coast Canine in accordance with the United States Police Canine Association for Drug Detection. The substances trained on by the team are cocaine, heroin, methamphetamine, and cannabis/hashish.

On 5/28/21, Demi and I passed the Pacific Coast Narcotic Detector Dog Team certification. The substances trained on by the team are cocaine, heroin, methamphetamine, and cannabis/hashish.

On 7/7/21, Demi and I were certified as a team in Washington State after passing the Washington State CJTC certification test in accordance with the Washington Administrative Code (W.A.C.) 139-05-915 for certification of law enforcement narcotic canine teams and CJTC policy.

On 6/28/23, Demi and I passed our Washington State CJTC recertification test as a canine team in accordance with the Washington Administrative Code (W.A.C.) 139-05-915 for certification of law enforcement narcotic canine teams and CJTC policy.

On 4/26/24, Demi and I passed the Pacific Northwest Police Detection Dog Association Police Canine Training and certification. The substances trained are Cocaine, Methamphetamine, Heroin and Marijuana.

On 11/20/24, Demi and I participated in fentanyl canine imprinting training. Demi and I then passed our Washington State CJTC recertification test as a canine team in accordance with the Washington Administrative Code (W.A.C.) 139-05-915 for certification of law enforcement narcotic canine teams and CJTC policy. This certification included the now mandatory odor of Fentanyl as well as Cocaine, Methamphetamine, Heroin and Marijuana.

On 6/16/26, Demi and I passed our Washington State CJTC recertification test as a canine team in accordance with the Washington Administrative Code (W.A.C.) 139-05-915 for certification of law enforcement narcotic canine teams and CJTC policy.

Demi is a passive alert canine. Demi is trained to exhibit certain involuntary and voluntary changes in behavior when she encounters the odor of controlled substances, the totality of these behaviors is observed and interpreted by the trained handler, indicating a positive response. Examples of involuntary changes of behavior may include bracketing to the source of the odor, sniffing rapidly and intently at the source, slobbering at the alert location or snapping her head and body toward the location of the alert. Depending on the situation, environment and location of the controlled substance, Demi may also indicate a voluntary response that may include pawing or nibbling at the target location, staring at the location of the alerted target while either sitting, standing, laying or stretching her

PO Box 68727
Seattle, WA 98168
(206) 787-3490

# Port of Seattle Police Department
## Canine Affidavit



front paws toward the alerted target, or trying to bury her nose into the location of the target.

Odor from controlled substances may be emitted from the controlled substance itself, or can be absorbed into items such as currency, clothing, containers, packaging material, etc. The length of time such items will maintain the odor of narcotics depends on the length of exposure to a controlled substance, the amount of controlled substances present and exposure to ventilation of the objects which have absorbed the odor. For items exposed to normal everyday use to absorb the odors of controlled substance(s) they would have to be in recent and close proximity to the controlled substance(s) to absorb detectible odor. The odor of controlled substance(s) on items will dissipate over time until they are undetectable.

Demi's reward for finding controlled substances and related items is a Kong dog toy. Demi and I continue to train on a regular basis to maintain our proficiency as a team.

Ongoing training includes:

- Training in all areas of interdiction, such as vehicles, boats, truck tractor and trailers, schools, currency, parcels and mail, airports and airplanes, bus and bus depots, storage units, residences, trains and train depots, prisons, motels, apartments and open areas.
- Training on various quantities of controlled substances, ranging from grams to ounces, and pounds.
- Training on novel odors, such as masking agents, distracting or new odors.
- Training in double blind scenarios.
- Extinction training, which proofs the dog and prevents them from alerting to common items associated with controlled substances such as plastic bags, sterile currency, etc.

I maintain both training logs and field activity/application reports. Both are available for review upon request.

Canine Demi is trained and certified to detect the presence of cannabis, heroin, methamphetamine and cocaine. Canine Demi cannot communicate which of these substances she has detected. Canine Demi can detect miniscule amounts of these four substances and cannot communicate whether the detected substance is residue or in measurable amounts. Despite these limitations, canine Demi's alert provides probable cause that evidence of a Violation of a Uniform Controlled Substance Act may be found where the canine provides a positive alert for the odor of controlled substances.

| | |
|---|---|
| PO Box 68727<br>Seattle, WA 98168<br>(206) 787-3490 | **Port of Seattle Police Department**<br>**Canine Affidavit** |



## Details of Investigation

On July 23, 2026, my narcotics canine Demi and I were requested to assist the U.S. Postal Inspection Service for assistance with a parcel suspected of containing controlled substances at the USPS Processing and Distribution Center located at 10700 27th Ave S, Tukwila WA 98168. At about ____1502____ hours, A USPS Inspector placed the suspected package in their warehouse prior to our arrival. Once at the warehouse, I applied Demi to the location. When Demi arrived at the suspect package, I noticed an obvious change in behavior that included rapid sniffing at the package and a final, sit presentation indicating a positive alert to the odor of controlled substance(s) emanating from the suspect package. I advised the USPS Inspectors present of the alert, which was seized pending the application and approval of a warrant. The particulars of the parcel were as follows:

Tracking #: 9570 1162 1689 6201 4584 36

Sender: Phillip Reilly, 5019 S. Oregon Street, Seattle, WA 98118

Recipient: Phillip Reilly, 5019 S. Oregon Street, Seattle, WA 98118

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Detective D. Beam #10300
Port of Seattle Police
Criminal Investigations Unit
Drug Interdiction Unit/K9

_____
Signature

7/23/2026
Date